IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

ELIZABETH PEARSON, ET AL.,

    Plaintiffs,

    v.

FAIRLAKES VILLAGE CONDO. ASSOC., ET AL.,

    Defendants & Third-party Plaintiffs,

    v.

DCI PUERTO RICO, INC., ET AL.,

    Third-party Defendants & Third-party Plaintiff,

    v.

NATIONAL INS. CO.,

    Third-party Defendant.

CIV. NO.: 10-1296(SCC)

**OPINION AND ORDER**

On June 5, 2011, Third-party Defendant DCI Puerto Rico, Inc. ("DCI"), filed a third-party complaint against National Insurance Co. ("National"). Docket No. 81. Referring us to liquidation proceedings underway in Puerto Rico court, National now moves for dismissal or a stay of the third-party suit against it. Docket No. 100. We deny both motions.

1

Pearson v. Fairlakes Village Condo. Assoc.
Civ. No. 10-1296(SCC)
Opinion and Order

According to National, DCI's suit should be terminated on the basis of a liquidation order issued by the Puerto Rico Court of First Instance, San Juan Division. *See* Docket No. 100, at 2.[1] Alone, the liquidation order has no effect on the proceedings in this court. This is because of the bedrock principle that state courts are without power to enjoin the proceedings of federal courts.[2] *Fragoso v. Lopez*, 991 F.2d 878, 881 (1st Cir. 1993) (quoting *Gen. Atomic Co. v. Felter*, 434 U.S. 12, 17 (1977) (per curiam)). Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given to them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). To warrant dismissal or a stay, then, National must show that abstention is appropriate here despite the valid exercise of jurisdiction. To this end, it cites a number of cases applying *Burford* abstention, which is the doctrine most relevant to cases of this sort. *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). As interpreted by the First Circuit, *Burford* abstention permits "federal courts 'sitting in equity' to refrain from interfering with 'proceedings or orders of state administrative agencies' when 'timely and adequate state court review is available.'" *Fragoso*, 991 F.2d at 882 (quoting *New Orleans Pub. Serv., Inc. v. City Council of New Orleans* ("*NOPSI*"), 491 U.S. 350, 360–64

---

1. At the time National filed its motion to dismiss, it included only a Spanish-language copy of the liquidation order. Docket No. 100-1. It stated, however, that an English translation would be forthcoming. Docket No. 100, at 2 n.1. We subsequently set a deadline to submit the translation, Docket No. 108, but National refused to comply. Docket No. 122. Pursuant to Local Rule 5(g), then, we cannot consider the liquidation order's substance, though we acknowledge the proceedings' existence, confirmed as it is by the notice of liquidation filed at Docket No. 111-1.

2. Likewise, Puerto Rico statutes purporting to stay or dismiss actions such as this do not apply in federal court. *See Fragoso v. Lopez*, 991 F.2d 878, 881–82 (1st Cir. 1993) (characterizing Puerto Rico's liquidation stay and dismissal statutes as procedural for the purposes of the *Erie* doctrine).

2

Pearson v. Fairlakes Village Condo. Assoc.
Civ. No. 10-1296(SCC)
Opinion and Order

(1989)).

In *Fragoso*, appellee insurance company, during the pendency of the appeal, filed a motion to dismiss or stay the proceedings based on state court liquidation order. *See id.* at 880. The First Circuit held that *Burford* abstention was inapplicable under the circumstances and denied the motions. *Id.* 885-86. Several factors were at play in the First Circuit's decision.

The Circuit offered three reasons why *Burford* might not be applicable to the case at all—each of which reasons is also relevant here.[3] First, it held that *Burford* only applied to federal courts sitting in equity, but the suit in *Fragoso* was in tort. *Id.* at 882 (citing *NOPSI*, 491 U.S. at 361). Likewise, the suit here is grounded in contract, not equity. *Id.*[4] Second, the Circuit noted that *Burford* abstention was meant to "shield[ ] 'state administrative agencies' from federal court interference." *Id.* at 883 (quoting *NOPSI*, 491 U.S. at 361). But the Circuit doubted whether Puerto Rico's insurance liquidation scheme "creates a state administrative agency, as opposed to a judicial structure, to which deference under *Burford* might be paid." *Id.* (footnote omitted). *But see*

---

3.  The extent to which the First Circuit's consideration of these factors was dispositive is unclear. After strongly suggesting that *Burford* abstention was per se irrelevant to the situation, it went on to perform an abstention analysis of the case's facts "for argument's sake." *Fragoso*, 991 F.2d at 883. As in *Fragoso*, we think the threshold factors make *Burford* inapplicable here, but we perform the complete abstention analysis out of an abundance of caution.

4.  In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Supreme Court clarified *Fragoso*'s statements with regard to equity. The Court noted that while *Burford* abstention "derives from the discretion historically enjoyed by courts of equity," *id.* at 728, a per se rule limiting abstention to suits in equity was inappropriate. *Id.* at 730. Instead, the relevant question was whether the federal court was being "asked to provide some form of discretionary relief." *Id.* Thus, *Burford* abstention might be appropriate where, e.g., a federal court stayed itself "pending the resolution by the state courts of a disputed question of state law." *Id.* at 730–31. National points to no such concerns here, however.

Pearson v. Fairlakes Village Condo. Assoc.
Civ. No. 10-1296(SCC)
<u>Opinion and Order</u>

*Sevigny v. Employers Ins. of Wasau*, 411 F.3d 24, 28 (1st Cir. 2005) (noting that in some circumstances, "a state court might itself be analogized to an agency for purposes of *Burford*"). The same concern is applicable here. Third, the *Fragoso* court noted that "*Burford* abstention is implicated when the federal courts are asked to interfere with state processes by *reviewing* the proceedings or orders of state administrative agencies." *Fragoso*, 991 F.2d at 883 (citing *NOPSI*, 491 U.S. at 361). But in *Fragoso*—as here—there was no question of "review [of] the actions or decisions of any state body." *Id.*

The First Circuit went on to apply the *Burford* doctrine to the case then at bar. *Id.* First, it held that the case "frame[d] no 'difficult question[ ] of state law' bearing on significant public policy issues such as would prompt abstention." *Id.* (quoting *NOPSI*, 491 U.S. at 361). In *Fragoso*, there was an uncomplicated statute of limitations issue, *id.*; here, DCI simply seeks indemnification under an insurance contract. "Thus, the first avenue to *Burford* abstention is dead." *Id.* The court then considered whether "federal review [would] disrupt 'state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *Id.* at 883–84 (quoting *NOPSI*, 491 U.S. at 361). It held that federal review would not: "we do not believe, in general, that federal court decisionmaking of the kind that exists alongside state insurance liquidation proceedings so significantly disrupts state regulatory frameworks to call for abstention." *Id.* at 884. Cases of this sort, it held, "will have at most an indirect effect on the liquidator's claims process by potentially giving rise to an additional claim against the insurance company." *Id.* (holding that such a case "will neither discombobulate local proceedings nor frustrate the Commonwealth's regulatory system").

Two of the factors considered in *Fragoso* do support National's position, but in light of the totality of the circumstances, they do not

4

Pearson v. Fairlakes Village Condo. Assoc.
Civ. No. 10-1296(SCC)
Opinion and Order

overcome the strong presumption against abstention. First, in *Fragoso*, the district court had reached a final judgment before the liquidation order was issued. *See id.* at 885 ("A case such as Fragoso's, where trial is complete and solely legal questions suitable for federal appellate resolution are pending on appeal, is a very weak candidate for abstention."). Here, of course, final judgment has not been entered, but the case *is* ready for trial, and we think that principles of judicial economy therefore militate against abstention. *See id.* (noting that "abstention serves the interests not only of federalism, but of comity and judicial efficiency" (internal quotations omitted)). Moreover, courts in this district have repeatedly cited *Fragoso* in denying motions to dismiss or stay in light of state liquidation proceedings, notwithstanding *Fragoso*'s language about finality. *See, e.g., Phico Ins. Co. v. Pavia Health Inc.*, 413 F. Supp. 2d 76, 80–81 (D.P.R. 2006); *Velez-Oliveras v. Asociacion Hosp. del Maestro, Inc.*, 198 F. Supp. 2d 70, 72–73 (D.P.R. 2002); *Cruz-Fernandez v. Univ. Health Servs.*, Civ. No. 00-2513(HL) (D.P.R. Feb. 13, 2002) (order denying motion for reconsideration). Second, *Fragoso* did not involve a coverage issue. *See id.* This case does, but National has not argued that it is anything but an uncomplex question of indemnification. It has not suggested, for instance, that there might arise an issue of differing contractual interpretations in the federal and state fora. To the contrary, the third-party complaint suggests that the insurance contract in this case is exclusive between DCI and National. *See* Docket No. 81.[5]

Taking all of these factors into account, we conclude that *Burford*

---

5. National's coverage analysis is moreover grounded in questionable precedent, relying, as it does, principally on *Gonalez v. Media Elements, Inc.*, 946 F.2d 157 (1st Cir. 1991). That case was "limit[ed] . . . to its own facts" by *Fragoso*, 991 F.2d at 885, which is to say it was implicitly overruled. *See* Jeff Todd, *Undead Precedent: The Curse of a Holding "Limited to its Facts,"* 40 TEX. TECH. L. REV. 67, 74 (2007).

abstention is inappropriate here. Abstention "is an extraordinary and narrow exception to [our] duty . . . to adjudicate [the] controversy properly before" us. *Allegheny Cnty. v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959). Our adjudication of this controversy might inconvenience the state liquidation proceedings, but a minor disruption of a state's regulatory system does not license abstention: if it did, abstention would be proper "in any instance where a matter was within an administrative body's jurisdiction." *Fragoso*, 991 F.2d at 887 (internal quotations omitted) ("[T]he mere existence of state procedures, or even the existence of a complex state apparatus designed to handle a specific class of problems. does not necessarily justify abstention."). National's motion is accordingly DENIED.[6]

\* \* \*

We turn now to a related issue: the conduct of National's counsel, James McCartney. Apparently deciding himself and his client no longer party to this case—without any court order to that effect—he failed to attend the pretrial conference set for January 11, 2012. *See* Docket No. 104. McCartney was asked repeatedly to explain his failure, Docket Nos. 104, 119, and his unwillingness to do so caused the Court to enter an order to show cause why sanctions should not be imposed. *See* Docket No. 121. Additionally, McCartney failed, on behalf of National, to submit a certified translation of the liquidation order as had been ordered. *See* Docket No. 108.

On February 14, 2012, McCartney responded to our show cause order.

---

6. The First Circuit has also explicitly rejected another line of cases that National relies upon, in particular *Lac D'Amiante Du Quebec v. Am. Home Assurance Co.*, 864 F.2d 1033 (3d Cir. 1988). *See Fragoso*, 991 F.2d at 884 & n.9 ("We believe, therefore, that the circuit court cases favoring abstention in insurer insolvency matters are suspect in light of *NOPSI*."). *Lac D'Amiante*, it should be noted, formed the basis for the First Circuit's decision in *Media Elements*, which it went on to reject in *Fragoso*. *Id.* at 884 n.9.

Pearson v. Fairlakes Village Condo. Assoc.
Civ. No. 10-1296(SCC)
Opinion and Order

Docket No. 122. Summarizing the liquidation order, which he once again failed to translate, he stated that he had not attended the conference because he had been forbidden to do so by the Puerto Rico Court of First Instance. Indeed, McCartney professed to find himself "between Scylla and Charybdis"—at risk of being sanctioned for not abiding by our orders, but also at risk of contempt charges in state court for following the same. We find such concerns to be unwarranted: as we have said, the liquidation order is inapplicable to the federal proceedings. Consequently, National and its counsel do not violate the stay by proceeding here. *Cf. Donovan v. Dallas*, 377 U.S. 408, 414 (1964).[7]

The bottom line is this: no sanctions will be imposed, but National remains a party to this case. As such, and because trial is imminent, its counsel may not at this time withdraw without substitute counsel entering an appearance. McCartney's motion to withdraw is therefore DENIED.[8]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of March, 2012.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE

---

7. In *Donovan*, a Texas state court held a number of people in contempt for violating an injunction from initiating or prosecuting federal suits related to the subject matter of the state suit. The Supreme Court held that the injunction was invalid; accordingly, it vacated the contempt convictions. *Donovan v. Dallas*, 377 U.S. 408, 414 (1964); *see also Merril Lynch, Pierce, Fenner & Smith Inc. v. Doe*, 868 F. Supp. 532 (S.D.N.Y. 1994) (enjoining state-court contempt proceedings against a party for violating a state-court injunction against prosecuting a federal suit); *Univ. Marine Ins. Co., Ltd. v. Beacon Ins. Co.*, 592 F. Supp. 945 (W.D.N.C. 1984) (same).

8. Though National remains in the case, it need not at this point file a translation of the liquidation order because of the denial today of its motions to dismiss and stay the proceedings.